**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**GREGORY D. MANNING,**

      **Plaintiff,**

vs.                                                                **Case No. 3:02cv477/MCR**

**JO ANNE B. BARNHART,
Commissioner of Social
Security,**

      **Defendant.**

_____/

**O R D E R**

      This cause is before the court upon a petition seeking attorney's fees pursuant to 42 U.S.C. § 406(b)(1) filed by plaintiff's counsel Byron Lassiter ("Mr. Lassiter"). (Doc. 26). The defendant, the Commissioner of the Social Security Administration ("the Commissioner of the SSA"), has responded. (Doc. 31). To the extent set forth below, the court grants Mr. Lassiter's petition.

**Background**

      By order dated May 24, 2004, this court reversed and remanded the instant case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 21). Later, based upon the successful appeal prosecuted by Mr. Lassiter, the court authorized his receipt of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $1337.50.[1] (Doc. 25). The Commissioner determined upon remand that plaintiff was disabled and, in addition to future benefits, she awarded him past-due benefits totaling $26,562.00. (Doc. 26, Exh. B). The SSA withheld twenty-five percent of this amount for attorneys' fees, or $6640.00,[2] and it approved

---

    [1]  Mr. Lassiter states that the EAJA fees were paid on or about October 13, 2004, and that such funds are being held in his firm's trust account.

    [2]  Mr. Lassiter correctly notes that twenty-five percent of the past-due benefits is $6440.50, not $6440.00.

payment of such fees in the amount of $5300.00.  The SSA has paid $4000.00 to Mr. Lassiter and advised it will release an additional $1300.00 to him.   Under the contingent-fee agreement he reached with plaintiff, Mr. Lassiter now seeks the remaining balance of $1340.50 from the escrowed funds.  According to Mr. Lassiter, the SSA has not yet released the additional amount of $1300.00 to him.  He therefore asks that the court "include in its order an authorization for the petitioner to apply part of the EAJA fees, in the amount of $1300.00, to the outstanding administrative attorney fees owed to the petitioner by the Commissioner.  The remaining balance of the EAJA fees, in the amount of $37.50, would then be paid directly to Mr. Manning.  In addition, any funds currently being held by the Commissioner from the plaintiff's past-due benefits which are not authorized by the court to be paid to the petitioner should be released to Mr. Manning."  (Id. at 7).

The Commissioner responds that Mr. Lassiter's request for § 406(b) attorneys' fees in the amount of $1340.50 is reasonable and that an award of this amount to him would be appropriate. (Doc. 31). She objects, however, to the method of disbursement proposed by Mr. Lassiter, contending that under the Social Security Act Mr. Lassiter is required to refund any amount due directly to his client.[3]

**Discussion**

In Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) the Supreme Court rejected the lodestar method of calculating § 406(b) fees which had been employed in the Eleventh Circuit.  See, e.g., Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999).  The Court held that the provision of § 406(b) which limits attorney fees to twenty-five percent of past-due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling.  Gisbrecht, 122 S.Ct. at 1829.  The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 1828.  Accordingly, within the "25 percent boundary" permitted by § 406(b) the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id.

---

[3] Counsel for the Commissioner reports that he contacted the Program Service Center to inquire about the $1300.00 which has not yet been released to Mr. Lassiter.  He was informed that the disbursement is currently being processed.

The Supreme Court did not specifically define the factors which the lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts which have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. Id. (citing Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." Id. (citing Rodriquez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

In this case the court is persuaded that Mr. Lassiter has met his burden of showing his request is reasonable and thus that the petition should be granted. First, the request is within the statutory and contract-based maximum of twenty-five percent of past-due benefits. Second, the court cannot fault the character of the representation provided by Mr. Lassiter in this case; there is no allegation of delay, much less any delay which is attributable to Mr. Lassiter. In addition, as noted previously, Mr. Lassiter was effective in achieving a remand in this court. This led ultimately to a favorable disability determination from the SSA which resulted in a sizable past-due benefits award to plaintiff as well an award of future benefits. Further, in representing plaintiff since 2000 on a contingency basis Mr. Lassiter assumed a significant risk that he would recover no fee at all for his services. The court also is satisfied that Mr. Lassiter has provided competent representation to Social Security claimants in this district for several years. Finally, the court notes that the Commissioner does not object to an award of $1340.50 in § 406(b) fees to Mr. Lassiter.

Although the court concludes that the requested fee is reasonable, it nevertheless agrees with the Commissioner that the method of disbursement of the fee under § 406(b) suggested by Mr. Lassiter is not proper under the Social Security Act. On August 5, 1985, by Pub. L. No. 99-80, § 3, 99 Stat. 186, Congress amended section 206(b) of Pub. L. No. 96-481 to provide for a refund to the plaintiff of the smaller of the fees awardable for the same work under the EAJA and the Social Security Act. The Act provides that "[w]here a claimant's attorney receives fees for the same work under both section 206(b) of the Act and section 2412(d) of title 28, United States Code, the claimant's attorney [must refund]

the amount of the smaller fee." Id.  Accordingly, the court will require Mr. Lassiter to refund the amount of the smaller fee directly to plaintiff.

    IT THEREFORE IS ORDERED:

    1.    Counsel Byron Lassiter's motion for attorney's fees under 42 U.S.C. § 406(b) (doc. 26) is GRANTED.  The Commissioner is directed to pay attorney fees to Mr. Lassiter in the amount of $1340.50 out of the funds withheld by the Commissioner from plaintiff's past-due benefits.

    2.    Upon his receipt of the amount of $1340.50 from the Commissioner Mr. Lassiter shall refund $1337.50 to plaintiff, which is the amount of the EAJA fees previously paid to Mr. Lassiter.

    3.    The clerk shall seal the attachments to Docket Entry # 26 to protect the private information contained therein.

    At Pensacola, Florida this 19th day of July, 2006.

        s/ *M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**

Case No.: 3:02cv477/MCR